# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORRINE HAMILTON, | |
| Plaintiff, | |
| v. | Case No. 3:18-cv-02017-JPG-RJD |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Corrine Hamilton sued James McCormick—a United States employee and Hamilton's former supervisor at the bowling alley on Scott Air Force Base—in Illinois state court under a number of tort theories after McCormick allegedly sexually harassed her, among other allegations. (*See generally* Compl., ECF No. 1-1.) These tort theories include negligence, defamation, tortious interference with prospective business advantage, and more. (*Id.*) But since McCormick is a United States employee, the Government (1) properly removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1) and the Federal Tort Claims Act; and (2) moved to substitute themselves as the correct defendant pursuant to 28 U.S.C. § 2679(d). (ECF Nos. 1, 7.) Because the Government attached a "Certification of Scope of Employment" pursuant to the Westfall Act—a paper that asserts that McCormick was acting within the scope his employment as an employee of the United States Air Force when the alleged conduct occurred—Magistrate Judge Daly granted the Government's motion to substitute. (ECF No. 11.)

There are now a few more motions to resolve. First, Hamilton objects to Magistrate Judge Daly's order granting the Government motion's to substitute, and this Court has conducted a *de novo* review of the matter. (ECF No. 19.) Hamilton argues that the Government's Westfall

Certification is improper because sexual harassment is not within the scope of a federal employee's employment. And in support of her position, Hamilton relies on *Wood v. United States*, 760 F. Supp. 952 (D. Mass. 1991), *aff'd*, 995 F.2d 1122 (1st Cir. 1993) (*en banc*)—a case which struck down a Westfall Act certification in the sexual harassment context. *Wood* held that sexual harassment by a supervisor at work—specifically under Massachusetts law—is not always within the scope of an supervisor's employment, so a Westfall Act certification by the Government claiming that the conduct was within the scope of that supervisor's employment is subject to judicial review. *Id.* at 954–55. And while the Supreme Court later abrogated the *en banc* First Circuit opinion in *Wood* on somewhat separate procedural grounds, *Osborn v. Haley*, 549 U.S. 225, 245–53 (2007), the fundamental issue here is the same: the United States must remain the defendant in this suit unless the Court makes a factual finding that McCormick engaged in conduct beyond the scope of his employment. 549 U.S. at 252;

The problem for Hamilton, however, is that she must make this showing under the law of the state where the incident occurred—here, Illinois. 28 U.S.C. § 1346(b); *Williams v. United States*, 350 U.S. 857 (1955) And Illinois follows the (Second) Restatement of Agency when determining whether conduct falls within someone's "scope of employment." *Pyne v. Witmer*, 129 Ill. 2d 351, 360, 543 N.E.2d 1304, 1308 (1989) (quoting Restatement (Second) of Agency § 228 (1958)). But Hamilton does not discuss the (Second) Restatement guidelines—or any Illinois law at all, for that matter. Instead, Hamilton relies on *Wood*—a District of Massachusetts case that interpreted Massachusetts common law notions of *respondeat superior* when deciding whether that particular employee was acting within the scope of his employment. The Court has no duty to craft an argument under the (Second) Restatement for Hamilton when she failed to make one on her own, and accordingly finds that Hamilton has waived any such argument. So the Government's

Westfall Act certification will stand, and the Court will **DENY** Hamilton's objection to Magistrate Judge Daly's order on the motion for substitution. (ECF No. 19.)

The other issue here is the Government's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, motion for summary judgment. (ECF No. 12.) The Government argues that under the Federal Tort Claims Act, they have sovereign immunity in this case because the Act specifically does not waive immunity for "any claim arising out of…assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" committed by non-law enforcement officers. 28 U.S.C. § 2680(h). "The Federal Government cannot be sued without its consent," so if the Government is correct, it would immediately end this case. The Government does point out, however, that Hamilton may find recourse instead under Title VII of the Civil Rights Act and the Federal Employees Compensation Act. Hamilton responds by arguing that although certain counts in her complaint allege intentional torts, Count I alleges negligence—which falls outside the scope of 28 U.S.C. § 2680(h) and is instead sometimes permissible under the Federal Tort Claims Act. 28 U.S.C. § 1346(b)(1); *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484–85 (2006); *Levin v. United States*, 568 U.S. 503, 506 (2013).

The Government is correct. The Court has conducted a thorough review of the complaint—accepting as true all allegations therein pursuant to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)—and Count I fails on its face to plead negligence. Under Illinois law—which this Court is obligated to follow under an FTCA claim since the conduct occurred in Illinois, *LeGrande v. United States*, 687 F.3d 800, 808 (7th Cir. 2012)—the elements of negligence are textbook: duty, breach of duty, causation, and harm. *McMillen v. Carlinville Area Hosp.*, 114 Ill. App. 3d 732, 736, 450 N.E.2d 5, 9 (1983). But here, while Count I of the complaint is captioned "negligence,"

all of the alleged negligent activity therein are commissions of *other* intentional torts: for example, battery [¶¶ 4(h) and 5(i)]; tortious interference with some sort of business interest [¶[¶4(b) and [¶[¶5(c)]; defamation [¶[¶ 4(c) and 5(d)]; and more.[1] That is not negligence, but rather a bundle of separate state law claims hidden under a negligence label—and it appears that Hamilton knows that as well, considering she more properly asserts those claims in later counts. And because the United States has not expressly waived its consent to any of those tort claims, sovereign immunity applies here and the Court must **GRANT IN PART** the Government's motion insofar as it asks for a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) Because this issue is dispositive, the Court need not reach the other arguments contained in the motion—such as the summary judgment issue—and will **FIND** those **AS MOOT**.

## CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS IN PART** and **FINDS AS MOOT IN PART** the Government's motion to dismiss, or in the alternative, motion for summary judgment (ECF No. 12);

- **DENIES** Hamilton's motion for reconsideration of Magistrate Judge Daly's order (ECF No. 19);

- **FINDS AS MOOT** any other pending motions;

- **DISMISSES** this case **WITHOUT PREJUDICE**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: JANUARY 16, 2019**

**s/ *J. Phil Gilbert***
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] To the extent that Hamilton argues a violation of the state's Personnel Record Review Act, 820 ILCS 40/1 et seq., that reliance is misplaced: the statute specifically instructs that an employee who wishes to make a claim under the act must first initiate administrative proceedings with the state's Department of Labor, and then later may sue in an Illinois state circuit court for further enforcement measures. 820 ILCS 40/12.